**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **LaWanda Ward**<br>**DEBTORS** | **CHAPTER 7 BANKRUPTCY**<br>**CASE NO. 20-32111**<br>**(DISCHARGED)** |
| **LaWanda Ward**<br>**PLAINTIFF**<br><br>vs.<br><br>**ADT LLC**<br>**DEFENDANTS** | **AP NO. (SEE FILE STAMP)** |

**THE ORIGINAL COMPLAINT CONCERNING THE WILLFUL**
**VIOLATION OF THE DISCHARGE INJUNCTION, AND RELATED RELIEF.**
_____

**TO:** TO THE HONORABLE EDUARDO V RODRIGUEZ,
UNITED STATES BANKRUPTCY JUDGE

**WHAT THIS ADVERSARY PROCEEDING IS ABOUT.**

1. LaWanda Ward ("Ms. Ward") filed her Chapter 7 bankruptcy and was discharged. In her bankruptcy she included ADT, LLC ("Defendant") for home alarm system and service, which tendered back to Defendant before she filed. Because of the prepetition breach Defendant had a claim in Ms. Ward's bankruptcy pursuant to 11 U.S.C. § 101(5). To the extent that the claim may have constituted an executory contract, it was not assumed. Therefore it is deemed rejected pursuant to 11 U.S. Code § 365. After discharge of her bankruptcy, Defendant has continued in an attempt to collect money from Ms. Ward based upon the pre-petition claim. Ryan Dove, Ms.

Ward's bankruptcy attorney, first requested that Defendant cease its collection activity. However, Defendant continued its collection activity.

### WHAT MS. WARD IS REQUESTING FROM THE BANKRUPTCY COURT.

2. Ms. Ward is requesting that the Bankruptcy Court specifically declare that her pre-petition claim with Defendant is discharged pursuant to 11 U.S.C §§ 524 and 727; enforce the discharge injunction of 11 U.S.C § 524(a)(2); and, award to her all damages to which she is allowed pursuant to the Court's authority under 11 U.S.C § 105.

### THE JURISDICTION AND AUTHORITY OF THE BANKRUPTCY COURT IN REGARD TO THE ADVERSARY PROCEEDING.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334, as well as pursuant to the Southern District of Texas General Order 2012-6. Venue is proper for this Court pursuant to 28 U.S.C. § 1409, and for the reason that the main case of Ms. Ward was filed in this Bankruptcy Court. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157. For the reason that this adversary proceeding arises out of alleged violations of 11 U.S.C. §§ 105, 524(a), and/or 727(a) the subject matter of this adversary proceeding involves the "public rights". As such, this Bankruptcy Court has a right to issue a final judgment in this case in accordance with the exceptions in *Stern v. Marshall*, 564 U.S. 462 (2011). *Also see, In re DeRosa*, 544 B.R. 339, 362-364 (Bankr. S. D. Tex. 2016). Should it be necessary, Ms. Ward consents to the entry of a final order or judgment by this Court.

*Wellness Int'l Network LTD. v. Sharif*, 135 S. Ct. 1932, 1947 (May 26, 2015). Also, *DeRosa* at 362-364.

## THE FACTUAL BACKGROUND IN SUPPORT OF THE CAUSES OF ACTION STATED.

4. Prepetition, Ms. Ward entered into an agreement with Defendant for a home security system. ("Acct No. 8394").

5. Also prepetition, Ms. Ward acted to discontinue Acct No. 8394. She uninstalled the home security equipment, packaged it, and mailed it back to Defendant.

6. On April 7, 2020 Official Form 101 - Voluntary Petition for Individuals Filing Bankruptcy was uploaded on behalf of Ms. Ward in the main case pursuant to 11 U.S.C. § 301(a). (ECF 1)[1]. This petition constituted an order for relief pursuant to 11 U.S.C. § 301(b). Therein, the petition provided Ms. Ward's name, current address, last four digits of her Social Security number, chapter of bankruptcy filed, prior bankruptcies filed in the last eight years, the district and division in which the main case was filed, as well as the name and contact information of her bankruptcy attorney.

7. On April 7, 2020 a list of creditors was uploaded on behalf of Ms. Ward in the main case pursuant to 11 U.S.C. § 521(a)(1)(A) and F. R. Bankr. P. 1007(a)(1). (ECF 1). The Matrix provided for Defendant at the address of PO Box 219044 Kansas City, MO 64121-9044 ("matrix address").

8. On April 7, 2020 bankruptcy schedules and statements of financial affairs were uploaded on behalf of Ms. Ward in the main case pursuant to 11 U.S.C. §

---

[1] "(ECF ___)", when used in this complaint is intended to represent the corresponding document found on the Docket Report as maintained by this Court on its ECF / PACER system in relation to the bankruptcy filed by Ms. Ward, Case No. 20-32111.

521(a)(1)(B) and F. R. Bank. P. 1007(b). (ECF 1). Therein, Official Form 106E/F – Creditors Who Have Unsecured Claims – Part 2 - No. 4.1 - disclosed Defendant[2] at the matrix address with an estimated balance of $1,205.64 owed on Acct No. 8394.

9. Defendant is a creditor in the main case pursuant to 11 U.S.C. § 101(10).

10. The debt or claim of Defendant in the main case is prepetition in nature pursuant to 11 U.S.C. § 101(5). It's claim is unsecured.

11. On April 7, 2020 a Certificate of Counseling, with a pre-petition date of March 23, 2020, was uploaded on behalf of Ms. Ward in the main case pursuant to 11 U.S.C. § 521(b). (ECF 2). Pursuant to this and 11 U.S.C. § 109 the eligibility of Ms. Ward to file the main case is determined.

12. On April 8, 2020 Official Form 309A – Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline was uploaded in the main case pursuant to F. R. Bankr. P. 2002(a)(1) and BLR 2002-1(c). (ECF 6). According to the Bankruptcy Noticing Center ("BNC")[3] certificate of notice uploaded on April 10, 2020, the Notice was sent to Defendant at the matrix address. (ECF 7). Therein, the Notice advised Defendant: "The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice". Further, the Notice provided a

---

[2] The schedules list Defendant as "ADP/Protection One".

[3] The BNC, established by the Administrative Office of the U.S. Courts (AOUSC), provides a centralized process for preparing, producing, and sending bankruptcy court notices by mail or electronic transmission. http://ebn.uscourts.gov/

deadline of July 6, 2020 to object to discharge and 30 days after the conclusion of the meeting of creditors to object to Ms. Ward's exemptions.

13. On April 13, 2020 the Meeting of Creditors was rescheduled to May 6, 2020 at 12pm. (ECF 9). According to the BNC certificate of notice uploaded on April 16, 2020, a notice containing this information, as well as instructions for creditor participation therein, was sent to Defendant at the matrix address. (ECF 10).

14. Sometime in or about April, 2020 Ms. Ward mailed a letter to Defendant ("letter"). Although she did not maintain a copy, Ms. Ward recalls that her letter acknowledged all of Defendant's automated calls to her regarding Defendant's inability to connect to the home alarm equipment. Her letter stated she had attempted and intended to cancel the service. She also informed Defendant of her bankruptcy filing and included a copy of the official bankruptcy filing notice with her letter.

15. On April 28, 2020 Ms. Ward received an emailed response to her letter from Defendant. The email was sent from Jessica Costello, Advanced Care Specialist III at customerservice@adt.com ("Defendant's email"). In this email, Defendant acknowledged Ms. Ward's bankruptcy.

16. On May 6, 2020 the Meeting of Creditors was conducted in Ms. Ward's main case. Ms. Ward appeared and the meeting was concluded. This began the 30 day deadline to object to her exemptions. Defendant did not attend or participate in the Meeting of Creditors.

17. On May 6, 2020 Ms. Ward filed her Certificate of Debtor Education in the main case. (ECF 13). Therefore, eligibility of Ms. Ward to receive a discharge is not in question.

18. On May 6, 2020 the Chapter 7 Trustee's Report of No Distribution was entered into the main case. In it, the Chapter 7 Trustee abandoned all property scheduled by the debtor.

19. On June 5, 2020 the deadline to object to Ms. Ward's exemptions concluded. Neither the Defendant nor any interested party filed an objection to Ms. Ward's exemptions.

20. On July 6, 2020 was the deadline to file an objection to the dischargeability of any debt of Ms. Ward's bankruptcy. Neither the Defendant nor any interest party filed an objection to dischargeability.

21. On July 9, 2020 the Bankruptcy Court issued its Order of Discharge in the main case pursuant to 11 U.S.C. §§ 727 and 524. (ECF 18). Pursuant to the BNC certificate of notice, a copy was sent to Defendant at the matrix address. (ECF 20). Among other things, this notice stated that "[c]reditors cannot collect discharged debts. This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot … contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtor's damages and attorney's fees."

22. Ms. Ward did not enter, and the Court did not approve, a reaffirmation of any debt between Ms. Ward and Defendant.

23. To the extent that Defendant's claim might have been construed as an executory contract, it was not assumed. Therefore, it was rejected pursuant to 11 U.S.C. § 365(d)(1).

24. The prepetition earnings of Ms. Ward are not responsible for the payment of Acct No. 8394.

25. On July 25, 2020 Defendant emailed Ms. Ward a bill from Defendant's email address. ("July 25th Bill"). This email stated that Ms. Ward had an amount due and owing of $1,093.25 related to Acct No. 8394. Defendant invited Ms. Ward to log into her online account to get the billing details. *The July 25th Bill is attached and made a part hereof as Exhibit P-1*.

26. Also on July 25, 2020 at 11:32am central time, Mr. Dove successfully faxed a letter to Defendant. The fax number Mr. Dove used was 1-800-937-3354 ("Defendant's fax number")[4]. This fax read "[p]lease find attached the 341 notice and discharge order. Your customer LaWard (sic) Ward filed bankruptcy. Please cease your collection activities immediately." The 341 notice and the discharge order were attached. ("July 25th fax"). *The July 25th fax is attached and made a part hereof as Exhibit. P-2*.

27. In disregard of Ms. Ward's bankruptcy discharge and the July 25th fax, on August 27, 2020 Defendant again emailed Ms. Ward a bill from Defendant's email address. ("August 27th Bill"). This email stated that Ms. Ward had a bill of $972.62[5]

---

[4] Defendant's fax number is provided on Defendant's website of
https://www.protection1.com/support/technical/troubleshooting-questions/

[5] Ms. Ward does not know why the bill seems to have decreased between the months of July and August, 2020.

due on Acct No. 8394. Defendant invited Ms. Ward to log into her online account to get the bill details. The *August 27th Bill is attached and made a part hereof as Exhibit P-3*.

28. On September 15, 2020, with the receipt of the August 27th Bill, Mr. Dove engaged in a conversation with a representative of Defendant *via* its online instant message help system. In that conversation, Mr. Dove was able to confirm Defendant's fax number to which he sent his July 25 fax.

29. Ms. Ward has invested a considerable amount of her time in regard to Defendant's billing.

30. Trauma is a deeply distressing and disturbing experience. In this sense, Ms. Ward has suffered mental trauma as a result of Defendant's failure to continue in the collection of its prepetition claim. Defendant's conduct, after notice and a demand, has manifested itself with Ms. Ward in various ways including sadness, hopelessness, worthlessness, a sense that everything is an effort, a lack of resilience, feeling inundated with information, a reminder of a task not yet met, distraction from making progress on important work, impacting self-esteem, wasting self-care time and sleep, resulting in addictive cycles of stimulation, preventing healthy social interactions and integrations, and otherwise attacking her sympathetic nervous system.

**THE WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION.**

31. Ms. Ward incorporates the facts averred herein to support this cause of action.

32. The discharge of Ms. Ward's bankruptcy created an injunction prohibiting the collection of any pre-petition debt or claim from her personally or individually

pursuant to 11 U.S.C. § 524(a)(2) and/or (3) for which no exception exists pursuant to 11 U.S.C. § 524(b).

33. The willful violation of the Discharge Injunction is compensable pursuant to 11 U.S.C. § 105.

### THE ENFORCEMENT OF THE ORDER, INJUNCTIONS AND/OR RULES.

34. Due to the conduct or action of Defendant, as described, it may become necessary for this Court to take action to enforce the injunctions, orders, Bankruptcy Code provisions and rules resulting from the main case, including, but not limited to:

   a. Finding Defendant in contempt for failing to abide by the orders, injunctions, Bankruptcy Code provisions and rules pursuant to 11 U.S.C. § 105;

   b. Issuing any declaratory judgment to determine the threshold questions of law, facts, rights, claims, or debts of all parties to this adversary proceeding, the violations of Defendant, the jurisdiction of this Court and/or any actual controversy that may exist pursuant to 28 U.S.C. § 2201; and/or

   c. Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendant in the future pursuant to 11 U.S.C. § 105.

### THE AWARD OF ACTUAL AND PUNITIVE DAMAGES

35. An award of actual damages is required to cover the value of any loss including, but not limited to, any out-of-pocket expenses or cost; personal time of Ms.

Ward spent in participating and cooperating in this adversary proceeding through trial and any appeal; her mental anguish, her attorneys' fees, costs and expenses incurred.

36. An award of punitive damages is requested by Ms. Ward pursuant to the United States Supreme Court standard for properly imposing the same. *See, BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

37. Any award of damages should contain an award of prejudgment interest.

38. Any judgment issued by this Court should allow for the accrual of interest for any unpaid balance at the rate for federal judgments, as based on the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Ms. Ward that the Court will:

1. Find that Defendant willfully or intentionally violated the provisions of the order of discharge issued by this bankruptcy;

2. Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, a finding of contempt on the part of Defendant, the issuance of any declaratory judgment, and/or the issuance of any injunction;

3. Sanction or award against Defendant all actual damages for all financial and non-financial harm or injury incurred by Ms. Ward including any emotional distress damages, and any and all attorneys' fees, costs and expenses incurred by Charles Newton & Associates and RyanDove;

4. Sanction or award against Defendant and to Ms. Ward punitive damages;

5. Award prejudgment interest and post-judgment interest; and

6. Grant any and all other relief in equity or in law to which Ms. Ward may be entitled.

Respectfully submitted,

| | |
|---|---|
| **CHARLES NEWTON & ASSOCIATES** <br> **NEWTONS.LAW** <br> 190 N. Millport Circle <br> The Woodlands TX 77382 <br> Phone (281) 681-1170 <br> Fax (281) 901-5631 <br><br> *[signature: Chuck]* <br><br> **CHARLES (CHUCK) NEWTON** <br> chuck@newtons.law <br> Texas Bar No. 14976250 <br> SDTX Bar No. 27900 <br><br> 10/09/2020 | **JANE NEWTON** <br> jane@newtons.law <br> Texas Bar No. 14977700 <br> SDTX Bar No. 27901 <br> Phone (281) 681-1170 <br><br> **PATRICIA (PJ) NEWTON** <br> pj@newtons.law <br> Texas Bar No. 24099751 <br> SDTX Bar No. 3137542 <br> Phone (281) 681-1170 <br><br> *Attorneys for LaWanda Ward* <br> *In The Adversary Proceeding* |